ment decreeing that Jenkins had no title as against Craig.

The present suit is an indirect attempt to reopen the case of Jenkins v. Craig, on the theory that certain questions therein raised were not decided by the Court of Appeal. Admitting the premises, it remains that all such questions are concluded by the judgment, and cannot be reopened, either by Jenkins or his successors in title.

It is therefore ordered that the judgment of the Court of Appeal be affirmed.

═══

(50 South. 654.)

No. 17,653.

MILNER v. TUTWILER.

(Nov. 15, 1909.)

DIVORCE (§ 129*)—EVIDENCE—ADULTERY.

The judgment in this case was in plaintiff's favor, dissolving the bonds of matrimony between herself and her husband. On appeal that judgment is affirmed.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 411–441; Dec. Dig. § 129.*]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by M. C. M. Milner, wife of Alexander S. Tutwiler, against A. S. Tutwiler. Judgment for plaintiff, and defendant appeals. Affirmed.

Hubert M. Ansley and E. C. Ansley, for appellant. T. M. & J. D. Miller and James E. Zuntz, for appellee.

NICHOLLS, J. This is a suit by a wife against her husband for an absolute divorce, or, in the alternative, for a separation from bed and board, for a division of the community property, and for the permanent custody of two infant girls, issue of the marriage. Under proper pleadings, plaintiff prayed for an injunction restraining the husband from disposing of the community property.

The demand for an absolute divorce was based upon allegations that the husband had frequented houses of ill fame and had been guilty of adultery therein at divers times and places; that on the afternoon of October 1, 1908, he entered a house for immoral purposes, being No. 1017 Common street (or Tulane avenue), in the city of New Orleans, and then and there committed adultery with one of the inmates of said house, known as Edith Woodgard.

The prayer for the alternative relief of a separation from bed and board was based upon allegations that the defendant, in violation of his moral, legal, and conventional obligations to petitioner, had been for some time past addicted to the excessive use of alcoholic stimulants and guilty of habitual intemperance; that he had neglected her when she was ill, and cruelly and shamefully abused and illtreated her, to such an extent that it would be unendurable for her to live with him any longer as his wife; that she had patiently borne with and shielded the said misconduct of defendant in the hope of reformation, but without avail, until her patience had been exhausted, her peace of mind and happiness destroyed, and her health endangered; that the manner of life pursued by defendant had been shameful and revolting to her, and had caused her great mental anguish and suffering; that he had frequently returned to the matrimonial domicile greatly intoxicated, in which condition he had committed gross excesses in her presence.

The district court rendered judgment in plaintiff's favor and against defendant, decreeing an absolute divorce, and dissolving the bonds of matrimony existing between them. It further adjudged and decreed that the plaintiff should be given the care, custody, and control of the two minor children, issue of her marriage with defendant.

It further decreed that an inventory be taken of the commercial, dotal, and para-

phernal property. It further decreed plaintiff to be the owner of one-half of the community property and all of her separate and dotal property, and referred the parties to a notary public to effect a partition. It perpetuated the injunction, which had issued, and decreed that defendant pay the costs.

In the opinion accompanying the judgment, the district judge used the following language:

"The charge made by the plaintiff against her husband, that he has been guilty of adultery, is proved beyond the shadow of a doubt. The bad character of the house defendant was in, the bad character of the woman he was with, the committal of the act of adultery with her, and the time of the day are all proved.

"Indeed, defendant's counsel admitted that defendant was in the house, in the room, and on the bed where the crime was committed."

In reference to the charges made in that part of the petition in which the alternative prayer for a separation from bed and board was founded, the judge said:

"The evidence in this case shows that on all occasions, whether he had been drinking with his friends and acquaintances or had not been drinking, he was in his house a good husband and father. * * * He never, when with them, said one unkind word or committed an unkind act. As to the defendant being an habitual drunkard, there is not a scintilla of proof in the record."

The case comes before this court with a transcript covering 1,500 pages of testimony. The greater part of that testimony is directed to the issues involved upon the demand for a separation from bed and board. The evidence in regard to the charge of adultery is found in comparatively few pages, through testimony given by seven or eight witnesses.

If the charge of adultery has been clearly established by evidence, that is an end of the case. The testimony on the second branch of plaintiff's demand would be utilized only as a makeweight in determining a doubtful issue. We have examined the testimony with the special care which the importance of the issues involved demands.

We discover no error in the judgment appealed from. We do not see how, on the evidence adduced, the district court could have arrived at a conclusion different from that which it did. The law entitles either spouse, on proof of adultery on the part of the other, to a judgment of divorce. Proof of a single act of adultery carries with it as an unavoidable legal result a decree dissolving the bonds of matrimony between the parties. The trial judge has no discretion in the matter. He has no right to bring to bear, in defendant's favor, general good conduct and kindness on his part in other respects as an offset to a violation by him, even on a single occasion, of his obligation of fidelity to his wife.

The defendant relies in this case almost exclusively upon the claim that the charge of adultery rests upon the testimony of three detectives. Counsel urge that we should disregard their testimony, when opposed by counter testimony which has not been impeached.

The testimony of the detectives in this case has been strongly corroborated by defendant's own witnesses and undisputed facts. We have given, as we think the district judge also did, due weight to the advice thrown out from time to time by different courts that caution should be observed in acting upon testimony drawn from witnesses following that occupation. With that advice pressed upon us by counsel, we none the less adhere to the conviction that the testimony given by the detectives must be held to be true; and, if true, that the judgment appealed from is sustained by proper and sufficient proof.

Defendant urges that we should guard and protect his right (in spite of the decree of divorce) to see his children. We have no reason to suppose that plaintiff will seek to deprive him of that right in that regard. Our decree is intended to leave, and does

leave, defendant's rights in that respect open.

We do not think that any good would be subserved by reciting and analyzing the testimony in the case.

For the reasons assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be, and the same is, hereby affirmed.